# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### EMPLOYMENT DISCRIMINATION COMPLAINT FOR
### PRO SE LITIGANTS IN ACTIONS FILED UNDER
### 42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act)
### 29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act); or
### 42 U.S.C. § 12112, *et seq.*, (Americans with Disabilities Act)

Widalys Santiago, M.D. ,

*(Write the full Name of each Plaintiff who is filing this complaint. If the names of all the Plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

David J Shulkin, M.D.
Secretary of Veterans Affairs ,

Case No.: 3:17cv 388 - RVICJK
*(To be filled in by the Clerk's Office)*

(See attached) ,

*(Write the fill name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

/

**Jury Trial Requested?**
X̌YES ☐ NO

Filed 0602'17UsDcFln3AM1131

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

1. Plaintiff's Name: __Widalys Santiago__

   Address: __5111 Dogwood Dr #4274__

   City, State, and Zip Code: __Milton FL 32570-4578__

   Telephone: _____ *(Home)* __918-616-3366__ *(Cell)*

2. Plaintiff's Name: _____

   Address: _____

   City, State, and Zip Code: _____

   Telephone: _____ *(Home)* _____ *(Cell)*

   *(Provide this information for any additional Plaintiffs in this case by*

   *attaching an additional page, as needed.)*

B. Defendant(s)

1. Defendant's Name: __David J. Shulkin, MD__

   Name of Employer *(if relevant):* __Secretary of Veterans Affairs__

   Address: __810 Vermont Ave.__

   City, State, and Zip Code: __Washington DC 20420__

NDFL Pro Se 7 (Rev. 12/16) Complaint Employment Discrimination
ClerkAdmin/Official/Forms

2

## *Plaintiff:*
Widalys Santiago, M.D.
5111 Dogwood Dr. #4274
Milton FL 32570-4578


## *Defendants:*
David J. Shulkin, M.D.
Secretary of Veterans Affairs
810 Vermont Ave.
Washington DC 20420

Tuana Diep, M.D.
ACOS/Co-Chief of Primary Care
VHA Muskogee VAMC
1011 Honor Heights Dr.
Muskogee, Oklahoma 74401

Annette M. Rogers
Chief Human Resources Management
VHA Muskogee VAMC
1011 Honor Heights Dr.
Muskogee, Oklahoma 74401

Julie L. Hale
EEO Manager
VHA Muskogee VAMC
1011 Honor Heights Dr.
Muskogee, Oklahoma 74401

2. Defendant's Name: _____ See Attach _____

Name of Employer *(if relevant)*: _____

Address: _____

_____

City, State, and Zip Code: _____

*(Attach a page to provide this information for any additional*

*Defendants.)*

## II. BASIS FOR JURSIDICTION

This case is brought for discrimination in employment pursuant to:

*(Check all that apply)*

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e -

§ 2000e-17 *(race, color, gender, religion, national origin)* *(**Note: To bring**

***a federal lawsuit under Title VII, you must first obtain a Notice of Right***

***to Sue letter from the Equal Employment Opportunity Commission.)***

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §

621 to § 634. *(**Note: To bring a federal lawsuit under the Age**

***Discrimination in Employment Act, you must first file a charge with the***

***Equal Employment Opportunity Commission.)***

☐ Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C.

§ 12112 to § 12117. *(**Note: To bring a federal lawsuit under the A.D.A.,***

*you must first obtain a Notice of Right to Sue letter from the Equal*

*Employment Opportunity Commission.)*

☐ Other Federal Law *(be specific):* _____ _____

_____

☐ Relevant State Law *(specify, if known):* _____ _____

_____

☐ Relevant City or County Law *(specify, if known):* _____

_____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

_____

**Statement of Claim, Continued** *(Page ___ of ___)*

See attached, 2 pages

Statement of Claim:

I applied three times for a Primary Care Physician position in VAMC Muskogee OK. In all instances I have been qualified and interviewed by the Selecting Officer, Dr. Tuana Diep. I did not receive an official notification of the result of the interviews. I was indicated by HR personnel that I would be notified at my usajobs account email or at the postal address indicated in the application. This claim is regarding the first two times I applied.

1. On first application the Selecting Officer, Dr. Tuana Diep, questioned me on 10/3/2013 about my national origin and the reasons I had to apply for a job in Oklahoma and or my plans to stay in the state.

2. Dr. Diep and the other interviewer certify that all candidates are interviewed, scored and ranked, best candidates selected, and then references are checked. On my first application, the record of investigation (ROI) establishes that one candidate was interviewed on 10/1/13, on 10/2/13 the references for that candidate were contacted, and then they interviewed me.

3. Mrs. Rogers certify that the national origin of the candidate selected was unknown. (Please note that the Selecting Officer on the ROI specifies the national origin of his selectee).

4. For the ROI the Agency submitted one referral list and indicated that the position was cancelled (as indicated by Mrs. Rogers in a Memorandum provided as part of a partial discovery process submitted by the Agency's attorney).

5. While in the discovery process I received a set of documents from Judge Robertson which contained evidence that the Agency withheld information revealing the fact that the second position was not cancelled, rather extended.

6. Two additional referral lists were in the package which included candidates from the first and second referral lists except me. A selection was made, Mrs. Rogers certified that the second job announcement was filled and that the race of the selectee was "unknown", (please note that Dr. Diep specifies on his statement the nationality and ethnicity which is the same as his, in both cases Asians).

7. The three memorandums from Mrs. Rogers were made the same date with her handwritten signature.

8. Mrs. Rogers, in an affidavit dated 11/18/2016, states: (1) that on or about 10/3/2013 she contacted me via phone to tell me about the non-selection for the first position and (2) she notified me via email about the cancellation of the second position on 10/15/2013.

9. As evidence show, the second position was not cancelled and phone records do not show any calls from the VAMC. Also, the aforementioned email was manipulated to show the job announcement number. Due to this manipulation ORM partially accepted the claim. The later was overturned by Chief Administrative Judge Schwendinger without the objection from the Agency.

10. In the ROI the VA willfully obstructed my competition for employment. Mrs. Julie Hale, EEO Manager, was asked by ORM investigator to provide Merit Promotions of the Selecting Official including the races, she instructed HR personnel to: "Just put unknown".

11. Also, Mrs. Hale cancelled a scheduled ADR conference with an assigned mediator from Houston, TX without any notification or excuse whatsoever. After two weeks the mediator informed that the Agency refused ADR since it was "mediated" in 2014 and "the Agency has nothing to offer". I brought to the attention of the mediator that there were two positions available at the time of ADR mediation, but she could not help me because ADR on this stage is a voluntary alternative for the Agency.

A.  The discriminatory conduct at issue includes (*check all that apply*):

☒ Failure to hire

☐  Termination of employment

☐  Failure to promote

☐  Failure to accommodate disability

☐  Unequal terms and conditions of employment

☐  Retaliation

☐  Other acts (*specify*):  _____

*(ATTENTION:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission may be considered by the federal  district  court  under  the  federal  employment  discrimination statutes.)*

B.  The alleged discriminatory acts occurred on: ___10/03/2013___

☑ Plaintiff sought employment with Defendant on ___9/11/2013___ or

☐  Was employed by Defendant from _____ until _____

C.  The location where Plaintiff was employed or sought employment was:

Address: ___1011 Honor Heights Dr___

_____

City, State, and Zip Code: ___Muskogee OK 74401___

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission or the Florida Commission on Human Rights on: ___10/28/2015___

B. Respondent(s) named on the charging document were: _____

___Jack C. Montgomery VAMC___

*(If possible, attach a copy of the charges filed.)*

C. The Equal Employment Opportunity Commission: *(check one)*

☐ Has not issued a Notice of Right to Sue letter.

☑ Issued a Notice of Right to Sue letter which I received on __3/6/2017__

***(Note: You must attach a copy of the Notice of Right to Sue letter received from the Equal Employment Opportunity Commission to this complaint.)***

D. As claimed in the Equal Employment Opportunity Commission charging document, Defendant discriminated against Plaintiff because of Plaintiff's:

☐ Gender/Sex *(please identify)* _____

☐ Race *(please identify)* _____

☐ Color *(please identify)* _____

☐ Religion *(please identify)* _____

☑ National origin *(please identify)* ___Hispanic (Puerto Rican)___

□ Disability/Perceived Disability *(please identify)* _____

□ Age *(please provide your year of birth only if you asserting a claim for age discrimination)* _____ _____

□ Other *(please identify)* _____ _____

E. Plaintiff:

□ Filed charges concerning this discrimination with the Florida Commission on Human Relations on ; or

☑ Did not file.

F. If asserting a claim for age discrimination, please indicate the amount of time that has elapsed since filing your charge of age discrimination with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct *(check one)*:

□ 60 days ore more have elapsed.

□ Less than 60 days have elapsed.

G. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation?   □ Yes       □ No

Explain: _____ _____

_____ _____

H. The facts as set forth above in Section III of this complaint:

☑ Are still being committed by Defendant against Plaintiff

☐ Are no longer being committed by Defendant against Plaintiff

I. Plaintiff:

☐ Still works for Defendant

☐ No longer works for Defendant

☑ Was not hired

## V. RELIEF

Briefly state what damages you are requesting and include the amounts of any actual damages claimed and the basis for these amounts. Include any punitive or exemplary damages requested and state the reasons you believe you are entitled to such damages:

I request $300,000 for the severe emotional distress due to separation from my family (husband and daughter) by having to accept an out of state job, (non clinical) for a period of approximately one year and a half. The situation resulted in having double living expenses, anxiety and a loss of a pregnancy. I also request the court to grant back pay for wages that I would have received if discrimination would not have occurred.

Plaintiff also requests that the Court grant the following relief to Plaintiff:

□ Defendant be directed to employ Plaintiff

□ Defendant be directed to re-employ Plaintiff

□ Defendant be directed to promote Plaintiff

□ Defendant be directed to _____

_____

☑ Plaintiff seeks costs and fees involved in litigating this case and such other

relief as may be appropriate, including attorney's fees, if applicable.

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: __6/2/2017__ Plaintiff's Signature: _Widalys Santiago Menoxd_

Printed Name of Plaintiff: __Widalys Santiago__

Address: __5111 Dogwood Dr # 4274__

__Milton FL 32570 - 4578__

E-Mail Address: __docwsm @ yahoo.com__

Telephone Number: __918 - 616 - 3366__

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

**FEB 28 2017**

**TRANSMITTAL OF FINAL AGENCY DECISION OR ORDER**

**TO:**      The Parties
            Representatives of the Parties (if applicable)
            ORM Field Office
            EEOC Administrative Judge (if applicable)

**SUBJ:**    Final Agency Decision or Order

            Complainant:    Widalys Santiago
            Agency No.:     2003-0623-2015104794
            EEOC No.:       560-2016-00253X

Enclosed is the Department's Final Agency Decision or Final Order concerning the above-referenced complaint of employment discrimination.

The Final Decision/Order includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant and, if applicable, the complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a mixed case) for use should the complainant wish to appeal the enclosed Final Decision/Order.

If the complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Maxanne R. Witkin
Director

Enclosures

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | |
|---|---|
| **Widalys Santiago,** ) | |
| ) | |
| *Complainant,* ) | |
| ) | |
| *v.* ) | **VA Case No. 2003-0623-2015104794** |
| ) | |
| **Secretary,** ) | |
| **Department of Veterans Affairs** ) | **EEOC Case No. 560-2016-00253X** |
| ) | |
| *Agency.* ) | |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the complainant may appeal or file a civil action as set forth below.

## RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013**. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's Appellant Docketing Statement, must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

within 90 days of receipt of this final action if no appeal to EEOC has been filed; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **David J. Shulkin, M.D.**, as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action.

2

Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date the complainant receives the final action or final decision from the Department or the Commission.

FEB 2 8 2017

MAXANNE R. WITKIN
Director, Office of
Employment Discrimination
Complaint Adjudication

Date

Attachment: EEOC Form 573

3